UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GRIGORY GROSMAN, et al.,<br><br>　　　　Defendants. | No. C03-4176 BZ<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GROSMAN** |

　　　　Before me is plaintiff DIRECTV's motion for default judgment against defendant Grigory Grosman.[1]  A hearing was held on February 2, 2005.  Defendant did not file any opposition to plaintiff's motion, nor did he appear at the hearing.  As defendant has not consented to the jurisdiction of a United States Magistrate Judge, this matter will be reassigned to a district judge with the following report and recommendation regarding default judgment.

　　　　On September 12, 2003, plaintiff filed this action

---

　　[1]　　All co-defendants have been dismissed.

1

against defendant and two other individuals alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. section 605, as well as the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. sections 2510-2521.  Plaintiff effected service of process against defendant Grosman on November 28, 2003.  After defendant failed to respond to the complaint, and upon plaintiff's request, the Clerk of this court entered his default under Rule 55(a) on January 27, 2004.  On February 26, 2004, Chief Judge Patel issued an Order of Limited Assignment of all DIRECTV cases pending in the Northern District to Judge Ware.  See February 26, 2004 Order.  Pursuant to Chief Judge Patel's Order, I issued a stay in all DIRECTV cases assigned to me, which stay was lifted upon issuance of Judge Ware's Order Regarding Limited Assignment to Determine Issues Regarding Joinder of Defendants and Showing Needed to Establish a *Prima Facie* Case Under Statutory Claims.  In re DIRECTV, Inc., No. C-02-5912-JW, 2004 WL 2645971 (N.D. Cal. July 26, 2004).  Defendant failed to appear at the August 30, 2004 status conference.  On November 10, 2004 plaintiff filed a motion for default judgment against defendant.

Pursuant to Rule 55(b)(2), a court may enter default judgment against a party when default has already been entered by the Clerk.  Fed. R. Civ. P. 55(b)(2).  A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. §

521.  The defendant satisfies this requirement.  See Declaration of Kimberly R. Colombo in Support of Plaintiff DIRECTV, Inc.'s Motion for Default Judgment Against Defendant Grigory Grosman ¶ 8.

By his default, defendant is deemed to have admitted the well-pleaded averments of the complaint except for those regarding the amount of damages.  Fed. R. Civ. P. 8(d); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiff seeks statutory damages against defendant for violation of 18 U.S.C. section 2511(1)(a).  Section 2511(1)(a) of the ECPA provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . . " commits a federal offense.  18 U.S.C. § 2511.  Section 2520(a) creates a private right of action for any person, including a corporation, "whose wire, oral, or electronic communication is intercepted."  18 U.S.C. §§ 2510(6), 2520(a).  Ninth Circuit case law holds that satellite transmissions are electronic communications protected under the ECPA.  U.S. v. Lande, 968 F.2d 907, 909 -10 (9th Cir. 1992) ("A person who views satellite television programming by use of a modified descrambler and a satellite dish 'intentionally intercepts' the satellite television signal, which is an 'electronic communication.'").

Having reviewed plaintiff's complaint, I find that the allegations are sufficiently well-pled to establish

defendant's liability under section 2511(1)(a).  Plaintiff alleges that it is "the nation's leading direct broadcast satellite system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States."  Compl., ¶ 1. Defendant allegedly "purchased and used illegally modified DIRECTV Access Cards and other devices ('Pirate Access Devices') that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV."  Compl., ¶ 10.  In addition, plaintiff claims that defendant "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a)."  Compl., ¶ 25.  Upon default these well-pled allegations are deemed admitted.

The only issue that remains is the determination of damages.  Under section 2520(c)(2) the court may assess as damages "the greater of (A) the sum of actual damages suffered by the plaintiff . . . ; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."  18 U.S.C. § 2520(c)(2).  The court has discretion under section 2520 to award damages as authorized by the statute or to award no damages at all. In re DIRECTV, Inc., 2004 WL 2645971 at *11; DIRECTV v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429-30 (6th Cir. 1999) (citing Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996)).

4

However, the court may not award an amount falling between those two choices. In re DIRECTV, Inc., 2004 WL 2645971 at *16; DIRECTV v. Hedger, No. 03-CV-733, 2004 WL 1396274 at *2 (W.D. Mich. Apr. 20, 2004).

Having alleged that defendant purchased two Pirate Access Devices, plaintiff seeks $20,000 in statutory damages, $10,000 per device.[2] I recommend awarding $10,000 in statutory damages for a single violation of section 2520. See Smoot v. United Transp. Union, 246 F.3d 633, 646 (6th Cir. 2001) ("The $10,000 liquidated damages amount under § 2520(c)(2)(B) is designed to compensate a claimant for all of the transgressor's misdeeds under the Act, unless that transgressor has violated the Act on more than one hundred separate days, in which case compensation is $100 for each such day."); DIRECTV, Inc. v. Bloniarz, 336 F. Supp. 2d 723, 727 (W.D. Mich. 2004) (rejecting DIRECTV's "per-device" damage calculations). Section 2511 criminalizes intercepting or attempting to intercept any wire, oral, or electronic communication. 18 U.S.C. § 2511(1)(a). Plaintiff has alleged only that defendant

---

[2] In its motion for default judgment, plaintiff suggests that it would be entitled to damages under section 2520 at $100 for each day of the violation, were it to have requested such damages. Plaintiff estimates that defendant used the device for 1,425 days, and on this basis, contends that it would be entitled to $142,500.00. The duration of violation alleged by plaintiff is based on the number of days between the date that defendant purchased the devices and the date that plaintiff developed a technique to circumvent these devices. Plaintiff has not proven that defendant intercepted the signal for 1,425 days. Therefore, any award of damages on a *per diem* basis would be purely speculative and not warranted under Federal Rule of Civil Procedure 55.

possessed two devices, not that he committed multiple violations of the statute.[3]  See Compl., ¶¶ 17, 25.  At the hearing, plaintiff also conceded that defendant likely used the two devices in tandem, rather than to intercept multiple signals.[4]  Having reviewed plaintiff's application and supporting declarations, I recommend that plaintiff recover statutory damages in the amount of $10,000 against defendant Grosman and post-judgment interest thereon pursuant to 28 U.S.C. section 1961.

Plaintiff also seeks $2,180.42 in attorneys' fees for time expended on this case, under 47 U.S.C. section 605(e)(4) and 18 U.S.C. section 2520(b)(3).[5]  Attorneys' fees and costs are recoverable under section 2520.  18 U.S.C. § 2520(b)(3).  In support of its request, plaintiff

---

[3] Another section of the ECPA criminalizes possession of such devices, under which Judge Ware found no private right of action exists.  See 18 U.S.C. § 2512 (criminalizing possession of any device that is primarily useful for "the purpose of the surreptitious interception of wire, oral, or electronic communications"); In re DIRECTV, Inc., 2004 WL 2645971 at *8.

[4] At the hearing I granted plaintiff leave to submit authority stating that use of two access devices in tandem constitutes two separate violations of the ECPA.  Plaintiff submitted a supplemental memorandum citing no such authority.  Further, the description in plaintiff's memorandum of the devices defendant possessed is consistent with tandem use.  I do not consider plaintiff's supplemental memorandum and declaration to the extent that they concern additional issues which I did not grant leave to address.

[5] I do not consider plaintiff's request for fees under 47 U.S.C. section 605(e)(4) because plaintiff has not alleged a violation of this provision against defendant in its complaint.  Counsel conceded at the hearing that an award under section 605(e)(4) would be inappropriate in this instance.  See Fed. R. Civ. P. 54(c).

6

submitted time records demonstrating that it reasonably incurred $1,475.42 in attorneys' fees for time expended in this case prior to the hearing. Colombo Decl. ¶¶ 11-12, Ex. E. The hourly rates charged by plaintiff's counsel are reasonable. See Colombo Decl. ¶ 9, Ex. E. I recommend plaintiff receive attorneys' fees for an an additional 1.5 hours of work preparing for and attending the hearing, which lasted approximately fifteen minutes. Based on counsel's hourly rate, this amounts to an additional $352.50 in attorneys' fees. I therefore recommend that plaintiff recover a total of $1,827.92 in attorneys' fees.

For the foregoing reasons, I **RECOMMEND** that judgment be entered in the amount of $11,827.92 against defendant Grosman pursuant to 18 U.S.C. section 2520 and that post-judgment interest be awarded thereon, pursuant to 28 U.S.C. section 1961.

Dated:   February 25, 2005

  /s/ Bernard Zimmerman
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DIRECTV\GROSMAN\defaultjudgment.wpd